Timothy A. REESE, in his Official Capacity as the Treasurer of the Commonwealth of Pennsylvania

v.

PENNSYLVANIANS FOR UNION RE-FORM and Simon Campbell, President, Governor's Office of Administration

American Federation of State, County and Municipal Employees, Council 13, AFL–CIO; Federation of State, Cultural and Educational Professionals, Local 2383 American Federation of Teachers Pennsylvania, AFL–CIO; and United Food and Commercial Workers, Local 1776, AFL–CIO, Intervenors

Petition of: American Federation of State, County and Municipal Employees, Council 13, AFL–CIO; Federation of State, Cultural and Educational Professionals, Local 2383 American Federation of Teachers Pennsylvania, AFL–CIO; and United Food and Commercial Workers, Local 1776, AFL–CIO, Intervenors

No. 82 MM 2016

Supreme Court of Pennsylvania.

November 10, 2016

### ORDER

PER CURIAM

AND NOW, this 10th day of November, 2016, it is hereby ordered that:

1.  The Petition for Review is GRANTED.

2.  The appeal at 82 MM 2016 is hereby consolidated with the appeals at 42 MAP 2016 and 43 MAP 2016.

3.  The parties are hereby directed to file supplemental briefs addressing the impact of Pa. State Educ. Ass'n v. Dept. of Cmty. and Econ. Dev., 148 A.3d 142, 2016 WL 6087684 (Pa. 2016) on the consolidated appeals.

Chief Justice Saylor files a dissenting statement in which Justice Mundy joins.

CHIEF JUSTICE SAYLOR, dissenting

I respectfully dissent from the grant of this Petition for Review, as the majority offers no indication that it has applied the standard governing review of the Commonwealth Court's discretionary decision to deny certification of a non-final order for interlocutory appeal by permission. Upon application of that controlling standard—which requires an assessment of whether such denial was so egregious as to justify prerogative appellate correction, see Pa.R.A.P. 1311, Note—I find nothing egregious in the Commonwealth Court's denial. Indeed, to the degree that the refusal to certify could be considered egregious, I believe it would be salutary for this Court to provide some guiding explanation pertaining to the irregularity, so that courts of original jurisdiction may prospectively conform to this Court's expectations.

Justice Mundy joins this dissenting statement.